UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01888-CAS(JC) | Date | March 18, 2015 |
| Title | ADEKUNLE BALOGUN V. UNITED STATES ATTORNEY GENERAL ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS): PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND REQUEST FOR TEMPORARY RESTRAINING ORDER (dkt. 1, filed March 13, 2015)

## I.   INTRODUCTION & BACKGROUND

On March 13, 2015, petitioner Adekunle Balogun, a native of Nigeria acting in *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. In it, petitioner requests a "Stay of Removal, Suspension of Deportation, and or Restraining Order, and Vacate Removal Order." Pet. At 1. Having received notice of petitioner's request through the Clerk of Court, the government filed an opposition to this petition on March 17, 2015. Dkt. 4.

Among other things, petitioner appears to attack the validity of his removal order. The Ninth Circuit has twice denied petitioner's request for review of the Board of Immigration Appeals' ("BIA") affirmance of this removal order. See Balogun v. Gonzales, 126 Fed. Appx. 874 (9th Cir. Apr. 18, 2005); Balogun v. Holder, 383 Fed. Appx. 696 (9th Cir. June 14, 2010). As is evident from the Ninth Circuit's decisions, the basis for petitioner's removal was his conviction for credit card fraud, which is both a crime of moral turpitude and an aggravated felony under 8 U.S.C. § 1101(a)(43)(M).

Because this Court is without jurisdiction to review the validity of petitioner's removal order or to issue an order preventing his removal from the United States, the petition is DISMISSED and the request for a temporary restraining order is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**     **JS-6**

| Case No. | 2:15-cv-01888-CAS(JC) | Date | March 18, 2015 |
|---|---|---|---|
| Title | ADEKUNLE BALOGUN V. UNITED STATES ATTORNEY GENERAL ET AL. | | |

## II.   DISCUSSION

A district court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The REAL ID Act of 2005 stripped district courts of habeas jurisdiction over final orders of deportation or removal, vesting jurisdiction to review such orders exclusively in the courts of appeals. Specifically, 8 U.S.C. § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). Subsection (b)(9) of 8 U.S.C. § 1252 provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). In turn, 8 U.S.C. § 1252(g) states in relevant part that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01888-CAS(JC) | Date | March 18, 2015 |
| Title | ADEKUNLE BALOGUN V. UNITED STATES ATTORNEY GENERAL ET AL. | | |

the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

However, the REAL ID Act "does not eliminate the ability of a court to review claims that are 'independent of challenges to removal orders.' " Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012). Such claims usually concern the alien's detention in immigration custody. See, e.g. Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006) (permitting alien to pursue petition for writ of habeas corpus for claims that he is being subjected to unconstitutionally prolonged detention by Immigration and Customs Enforcement). Courts have also found that the REAL ID Act does not preclude a District Court's review of, inter alia, an alien's habeas claim alleging ineffective assistance of counsel for failure to file a timely petition for review of a final removal order, A. Singh v. Gonzales, 499 F.3d 969, 978-79 (9th Cir. 2007), as well as an alien's claim that he was being extradited in violation of the Convention Against Torture ("CAT") and the Due Process Clause, Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (per curiam), cert. denied, 133 S.Ct. 845 (2013).

The Court concludes that petitioner does not set forth claims that are independent of a challenge to his removal order. Although unclear, petitioner appears to seek review of the Immigration Judge's determination, and BIA's affirmance, that his 2002 conviction for credit card fraud constituted an aggravated felony. Pet. at 4-5. Specifically, he appears to contend that he received ineffective assistance of counsel in the proceedings leading to this conviction. Id. Petitioner also seeks review of the BIA's determination that he was ineligible for asylum, withholding of removal and deferral of removal under the CAT, waiver of inadmissibility, and cancellation of removal and adjustment of status. Id. at 2. On their face, these claims challenge the basis for petitioner's removal. Accordingly, the Court lacks subject matter jurisdiction over petitioner's habeas petition and accompanying request for a temporary restraining order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-01888-CAS(JC) | Date | March 18, 2015 |
|---|---|---|---|
| Title | ADEKUNLE BALOGUN V. UNITED STATES ATTORNEY GENERAL ET AL. | | |

## III. CONCLUSION

Because the Court lacks jurisdiction over petitioner's claims, the petition for writ of habeas corpus is DISMISSED and the request for a temporary restraining order predicated thereon is DENIED.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ